**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEITH P.,**[1] | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **No. 25 C 11363** |
| **v.** | **)** | |
| | **)** | **Magistrate Judge** |
| **FRANK BISIGNANO,** | **)** | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Keith P.'s claim for

Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction

of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the

reasons that follow, Plaintiff's motion for summary judgment [10] is granted in part

and denied in part, and the Commissioner's cross-motion for summary judgment

[13] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last
name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 28, 2022, Plaintiff filed a claim for DIB, alleging disability since December 2, 2018. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on April 8, 2025. Plaintiff appeared and testified at the hearing via telephone and was represented by counsel. A vocational expert ("VE") also testified.

On May 30, 2025, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 2, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: post-traumatic stress disorder (PTSD); adjustment disorder/depressive disorder/mood disorder; anxiety; and lumbar osteoarthritis and stenosis with radiculopathy. The

2

ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work with the following limitations: can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; can sit for six hours and stand/walk for six hours in a typical eight-hour workday; can push and pull as much as he can lift and carry; can occasionally climb ladders, ropes, and scaffolds; can occasionally stoop, kneel, crouch, and crawl; and can perform unskilled work tasks and occasionally interact with coworkers and the public. At step four, the ALJ determined that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

**DISCUSSION**

## I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

4

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.    ANALYSIS

In seeking reversal, Plaintiff argues that the ALJ's mental RFC is unsupported by substantial evidence due to errors in evaluating the opinion evidence and failure to explain limitations stated in the RFC. In advancing the latter half of that argument, Plaintiff contends that the ALJ erred by not explaining why his RFC assessment included limitations for interactions with coworkers and the public but did not include limitations for interactions with supervisors. ([10-1] at 10.) Pertinent to that assertion, as stated above, the ALJ determined that Plaintiff retained the RFC to "occasionally interact with coworkers and the public." (R. 19.) However, the ALJ's RFC assessment (and his decision generally) is silent as to Plaintiff's ability to interact with supervisors. For his part, Defendant concedes that Plaintiff "is correct that the ALJ did not include any contact limitations for supervisors." ([13] at 6.)

Courts have recognized that "[i]f the record support[s] restricting one broad category of social interaction, the ALJ ha[s] to explain why it did not support the others." *Arun N. v. Bisignano,* No. 1:23-CV-03710, 2026 WL 879544, at *4 (N.D. Ill. Mar. 30, 2026). As such, "simply accounting for limitations on interactions with the public and with coworkers is not enough to reflect a similar limitation on interactions with supervisors." *Luna v. Colvin*, No. 14-01231, 2015 WL 1911109, at *2 (N.D. Ill. Apr. 27, 2015). Consistent with this authority, the ALJ erred in this

6

case because he "did not provide any explanation for why Plaintiff can interact with the public and coworkers only occasionally but has no restriction in [his] ability to interact with supervisors." *Kischer L. C. v. Kijakazi*, No. 21 C 1350, 2023 WL 2711610, at *3 (N.D. Ill. Mar. 30, 2023). The ALJ's error in that regard requires that this matter be remanded. *See Arun N.*, 2026 WL 879544 at *4 (finding remand necessary where "the ALJ found the evidence sufficient to support a public-interaction limitation, yet gave no explanation for rejecting comparable limitations involving coworkers or supervisors"); *Monique J. v. Kijakazi*, No. 22 C 4573, 2023 WL 7110746, at *6 (N.D. Ill. Oct. 27, 2023) ("In sum, the Court finds substantial evidence does not support the ALJ's decision based on her failure to adequately explain her mental RFC assessment regarding Monique's ability to interact with supervisors."); *Eric B. v. Berryhill*, No. 17-CV-5466, 2019 WL 1331783, at *5 (N.D. Ill. Mar. 25, 2019) ("[T]his case is remanded so that the ALJ can further determine whether an RFC limitation regarding supervisor interactions is necessary.").

7

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for summary judgment [10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [13] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                    **ENTERED:**

**DATE:**      May 5, 2026                    _____
                                             **HON. DANIEL P. McLAUGHLIN**
                                             **United States Magistrate Judge**

8